**United States District Court**
**District of Massachusetts**

| | |
|---|---|
| **Gilmar Benedito da Silva,**<br>**Petitioner,**<br>**v.**<br>**David Wesling, et al.,**<br>**Respondents.** | **Civil Action No.**<br>**26-14827-NMG** |

# ORDER

**GORTON, J.**

This case arises from the petition for writ of habeas corpus (Docket No. 1) of petitioner Gilmar Benedito da Silva ("petitioner"). He contends that David Wesling and the other named respondents ("respondents") have detained him in violation of his rights under the Fifth Amendment to the United States Constitution. He seeks an order of this Court directing the government either to release him or to afford him a bond hearing pursuant to 8 U.S.C. §1226(a).

Respondents agree that petitioner is in custody pursuant to §1226(a) and is therefore entitled to a bond hearing under that statutory provision. They nonetheless contend that the petition should be denied for failure to exhaust the administrative remedy available to him, i.e., requesting a bond hearing before an Immigration Judge.

To the extent the government argues that petitioner failed to exhaust administrative remedies by not first asking the Immigration Court for a bond hearing, the Court will not deny the petition on the basis of exhaustion. See Waters Rossin v. Moniz, 26-cv-13436-BEM, ECF No. 12 (D. Mass. Aug. 4, 2026); Arevalo v. Moniz, 26-cv-13733-LTS, ECF No. 15 (D. Mass. Sept. 8, 2026).

As respondents acknowledge, no statute requires a petitioner to present a claim for release to an Immigration Judge before seeking habeas relief, and whether to require exhaustion is committed to the discretion of the Court.

Courts require exhaustion of administrative remedies chiefly so that the agency may apply its expertise before a court intervenes. See Brito v. Garland, 22 F.4th 240, 256 (1st Cir. 2021). That purpose is fully served here. Respondents contend that the appropriate relief is a bond hearing during which an Immigration Judge determines whether petitioner poses a danger to the community or a flight risk in the first instance and that is the relief this Order provides. By contrast, dismissing the petition would only prolong petitioner's detention, who, as respondents concede, is entitled to an individualized bond hearing, with no corresponding benefit to the administrative process.

In light of the foregoing, the Court construes, and directs respondents to likewise construe, the pending petition as conveying a request for a bond hearing before the Immigration Court. Accordingly, the petition for writ of habeas corpus (Docket No. 1) is **ALLOWED**. The Court directs that petitioner be released unless he is afforded a bond hearing that complies with the standards set forth in Hernandez-Lara v. Lyons, 10 F.4th 19 (1st Cir. 2021), within seven days of the date of this Order.

**So ordered.**

Nathaniel M. Gorton
Nathaniel M. Gorton
Senior United States District Judge

Dated: October 30, 2026